**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| PREP4ALL, INC.,<br><br>      Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF HEALTH &<br>HUMAN SERVICES; U.S. DEPARTMENT<br>OF JUSTICE; U.S. CENTERS FOR<br>DISEASE CONTROL & PREVENTION;<br>U.S. NATIONAL INSTITUTES OF<br>HEALTH,<br><br>      Defendants. |

Civil Action No. 1:26-cv-03499

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff PrEP4All, Inc. ("PrEP4All"), by and through its undersigned attorney, alleges as follows:

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief to compel the disclosure of a specific government record that is a matter of great public concern. PrEP4All seeks the immediate processing and timely release of a document PrEP4All has requested from the U.S. Department of Health and Human Services ("HHS"), U.S. Department of Justice ("DOJ"), U.S. Centers for Disease Control & Prevention ("CDC"), and U.S. National Institutes of Health ("NIH"): a materials cooperative research and development agreement ("M-CRADA") that the CDC and NIH apparently entered into with Gilead Sciences, Inc. ("Gilead") in January 2025.

1

The M-CRADA is referenced in the settlement agreement that ended the government's landmark patent infringement case brought to recoup public investment in HIV prevention, *United States v. Gilead*, and the M-CRADA was apparently executed alongside that settlement agreement, on the very same day.

2. PrEP4All is a 501(c)(3) nonprofit organization based in Manhattan, New York that is dedicated to ending the HIV epidemic by improving health care for people with and at risk of HIV/AIDS.[1]

3. In 2019, HHS and DOJ brought a suit that created an opportunity to correct a decades-long injustice perpetrated by the drug company Gilead that severely undercut the uptake of effective HIV prevention, perpetuating the epidemic and allowing hundreds of thousands of unnecessary new HIV infections to occur. This case was *United States v. Gilead Sciences, Inc.*, No. 1:19-cv-2103 (D. Del. Nov. 6, 2019). The U.S. government alleged that Gilead had infringed on patents on HIV pre-exposure prophylaxis ("PrEP") held by the CDC and owed royalties to the government.

4. HIV PrEP is the use of highly effective medications to prevent acquisition of HIV. The CDC did breakthrough research on PrEP in the 2000s and subsequently filed and obtained its patents on PrEP. Additional research by the NIH was the primary basis for the Food and Drug Administration's approval of the first PrEP product in 2012. According to an independent analysis, the U.S. government invested at least $143 million into PrEP research.[2]

5. Yet it was Gilead that profited off the government's investment and research efforts. Gilead has for many years charged American patients an average wholesale price of over

---

[1] *PrEP4All*, www.prep4all.org.
[2] Frazer A. Tessema, Rachel E. Barenie, Jerry Avorn & Aaron S. Kesselheim, *Federal Funding For Discovery And Development Of Costly HIV Drugs Was Far More Than Previously Estimated*, 42:5 Health Affairs 642-49 (2023), https://www.healthaffairs.org/doi/10.1377/hlthaff.2022.01134.

$20,000 per patient per year for PrEP. The CDC and NIH attempted to negotiate a licensing agreement with Gilead, but the company refused. Gilead also refused requests by PrEP4All and other HIV/AIDS advocacy groups to reduce its prices.

6.      Gilead's price gouging and refusal to partner in good faith with the CDC, NIH, and other public health agencies have perpetuated the HIV epidemic and made PrEP inaccessible to many communities. For many years, Gilead held an effective monopoly on PrEP in the United States; no other company's medicines were approved for use as PrEP. The high prices charged by Gilead strained public health budgets and limited access to PrEP, thus fueling continued spread of HIV. While Gilead earned at least $10 billion from PrEP sales between 2015 and 2021 in the United States, in recent years fewer than 40% of individuals indicated for PrEP within the United States have accessed the drug.[3] A recent scientific paper estimated that over 2,200,000 people "need to be prioritized for PrEP in the U.S." as of 2023,[4] while an HHS website estimates fewer than 450,000 people in the United States were actually prescribed PrEP as of 2022.[5]

7.      In 2020, Gilead brought a suit of its own against the United States government, alleging breach of certain contracts between the company and the CDC. This case was *Gilead Sciences, Inc. v. United States*, No. 1:20-cv-00499 (Fed. Cl. Apr. 24, 2020).

8.      In 2023, *United States v. Gilead* (the District of Delaware case brought by the government) went to trial. The government sought over $1 billion in damages from Gilead. The jury's verdict went against the government. With a push from PrEP4All and other HIV/AIDS

---

[3] Press Release, PrEP4All, Advocates Demand Update on *United States v. Gilead Sciences* Lawsuit (Jan. 20, 2022), https://prep4all.org/us-v-gilead-two-year-anniversary-prep4all-leads-25-advocacy-organizations-demanding-updates-on-hiv-prevention-drug-patent-lawsuit/. *See* U.S. Health and Human Services, *America's HIV Epidemic Analysis Dashboard (AHEAD)*, HIV.gov, https://ahead.hiv.gov/.
[4] Athena P. Kourtis et al., *Estimating the Population Need for Preexposure Prophylaxis for HIV in the United States*, 106 Annals of Epidemiology 48 (2025), https://www.sciencedirect.com/science/article/pii/S1047279725000900.
[5] U.S. Health and Human Services, *AHEAD National Dashboard*, HIV.gov, https://ahead.hiv.gov/#dashboard (last updated 2023).

advocates,[6] DOJ and HHS continued to litigate after the verdict. DOJ and HHS won an important post-trial motion and then, in July 2024, announced they would appeal the jury's verdict to the U.S. Court of Appeals for the Federal Circuit. That appeal was docketed and assigned appeal number 24-2069. In December 2024, DOJ and HHS filed their opening appeal brief.[7] Shortly thereafter, a coalition of HIV/AIDS advocacy groups led by PrEP4All filed an amicus brief in the appeal, in support of the government.[8]

9. In January 2025, Gilead announced a settlement of both cases—the *United States v. Gilead* case on appeal to the Federal Circuit and the *Gilead v. United States* case pending in the Court of Federal Claims. On January 15, 2025, the DOJ and Gilead filed joint stipulations of voluntary dismissal in the District of Delaware[9] and the Court of Federal Claims.[10] Both the District of Delaware case and the Court of Federal Claims case are now closed, and the Federal

---

[6] *Statement from PrEP4All and PIPLI on the Disappointing Verdict in US v. Gilead*, PrEP4All (May 17, 2023), https://prep4all.org/statement-from-prep4all-and-pipli-on-the-disappointing-verdict-in-us-v-gilead/; Letter from PrEP4All and the Science, Health, and Information Clinic at Columbia Law School to Merrick Garland, Attorney General and Xavier Becerra, Secretary of Health and Human Services (May 30, 2023), https://prep4all.org/wp-content/uploads/2024/06/2023-05-30-Letter-of-P4A-PIPLI-to-DOJ-HHS.pdf.

[7] Brief of the Plaintiff-Appellant, *United States v. Gilead Sciences, Inc.* (Fed. Cir. Dec. 12, 2024) (No. 2024-2069), https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.13.0.pdf.

[8] Brief of Amici Curiae PrEP4All et al., *United States v. Gilead Sciences, Inc.* (Fed. Cir. Dec. 19, 2024) (No. 2024-2069), https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.19.0.pdf.

[9] Stipulation of Dismissal, *United States v. Gilead Sciences, Inc.* (D. Del. Jan. 15, 2025) (No. 19-CV-02103), https://storage.courtlistener.com/recap/gov.uscourts.ded.70560/gov.uscourts.ded.70560.507.0.pdf.

[10] Stipulation of Dismissal, *Gilead Sciences, Inc. v. United States* (Fed. Cir. Jan. 15, 2025) (No. 20-CV-00499), https://storage.courtlistener.com/recap/gov.uscourts.uscfc.40800/gov.uscourts.uscfc.40800.243.0.pdf.

Circuit has dismissed the appeal.[11] The settlement was widely covered by news media.[12] Gilead issued a press release on the settlement.[13]

10.    The government agencies potentially involved in the settlement of the *United States v. Gilead* cases—HHS, DOJ, CDC, and NIH—did not proactively make the settlement agreement public. Little was known about the terms of the settlement agreement, though the existence of a settlement agreement was confirmed by Gilead and by news media. STAT News reported that "a Gilead spokeswoman wrote to say the settlement does not contain any payments from Gilead or the federal government."[14] Gilead's press release described the settlement agreement as "a final settlement agreement with the U.S. Department of Justice and the U.S. Department of Health and Human Services (HHS)" and further stated the following: "This resolution reflects the culmination of Gilead's resounding success in these cases, and the government has withdrawn its appeal of the verdict.  Importantly, Gilead will receive a license to certain current and future government PrEP patents that will protect Gilead's freedom to operate for years to come."[15] In addition,

---

[11] Dismissal Order, *United States v. Gilead Sciences, Inc.* (Fed. Cir. Jan. 17, 2025) (No. 2024-2069), https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.24.0.pdf.

[12] *See, e.g.*, Ed Silverman, *Biden Administration and Gilead Settle Long-running Battle Over Patents for HIV PrEP Pills*, STAT (Jan. 15, 2025), https://www.statnews.com/pharmalot/2025/01/15/gilead-hiv-truvada-descovy-hhs-cdc-patents-prep/; Blake Brittain, *Gilead Sciences, US Government Settle Patent Case Over HIV Prevention Drugs*, Reuters (Jan. 15, 2025), https://www.reuters.com/legal/gilead-sciences-us-government-settle-patent-case-over-hiv-prevention-drugs-2025-01-15/; Kevin Dunleavy, *Gilead Settles with US Government in Long-running Patent Dust-up Over PrEP Meds Truvada, Descovy*, Fierce Pharma (Jan. 16, 2025),https://www.fiercepharma.com/pharma/gilead-settles-us-government-long-running-patent-dust-over-truvada-and-descovy.

[13] *Gilead Statement on Successful Resolution with U.S. Department of Justice and the Department of Health and Human Services on Patents*, Gilead (Jan. 15, 2025), https://www.gilead.com/company/company-statements/2025/gilead-statement-on-successful-resolution-with-us-department-of-justice-and-the-department-of-health-and-human-services-on-patents.

[14] Ed Silverman, *Biden Administration and Gilead Settle Long-running Battle Over Patents for HIV PrEP Pills*, STAT (Jan. 15, 2025), https://www.statnews.com/pharmalot/2025/01/15/gilead-hiv-truvada-descovy-hhs-cdc-patents-prep/.

[15] *Gilead Statement on Successful Resolution with U.S. Department of Justice and the Department of Health and Human Services on Patents*, Gilead (Jan. 15, 2025), https://www.gilead.com/company/company-statements/2025/gilead-statement-on-successful-resolution-with-us-department-of-justice-and-the-department-of-health-and-human-services-on-patents.

in June 2025, an attorney for Gilead, Ron Machen, stated in an interview with Bloomberg Law that the settlement was "extremely beneficial" for Gilead.[16]

11.    In February 2025, PrEP4All filed FOIA requests with HHS and DOJ, seeking the settlement agreement resolving the *United States v. Gilead* cases. The agencies did not respond timely to PrEP4All's FOIA requests. In August 2025, PrEP4All filed a complaint in this District for injunctive and declaratory relief, seeking, *inter alia*, a court order requiring HHS and DOJ to fulfill the unfulfilled request.[17] In September 2025, HHS and DOJ finally provided PrEP4All with a copy of the settlement agreement that resolved the *United States v. Gilead* cases. A true and correct copy of the settlement agreement received from HHS and DOJ is attached as Exhibit A. PrEP4All dismissed its August 2025 FOIA suit shortly after receiving the settlement agreement.

12.    The settlement agreement indicates that it was entered into and made effective as of January 14, 2025. It declares "Gilead, the DOJ and HHS reached an agreement to settle the Disputes [i.e., the *United States v. Gilead* cases] by simultaneously entering into (i) this Settlement Agreement and (ii) a materials cooperative research and development agreement ('M-CRADA') among the NIH and CDC, on the one hand, and Gilead, on the other hand, provided that the M-CRADA will be administered by the National Institute of Allergy and Infectious Diseases ('NIAID')."[18] The settlement agreement further states that "[t]his Settlement Agreement and the M-CRADA executed as of [January 14, 2025] together represent the entire agreement of the Parties with respect to the subject matter hereof and thereof . . . ."[19]

---

[16] Lisa Helem and MP McQueen, *Unrivaled 2025: Ron Machen of WilmerHale*, Bloomberg Law (June 25, 2025), https://news.bloomberglaw.com/business-and-practice/unrivaled-2025-ron-machen-of-wilmerhale.
[17] The case was *PrEP4All, Inc. v. U.S. Dep't of Health & Human Servs. et al.*, No. 1:25-cv-06335 (S.D.N.Y. Aug. 1, 2025).
[18] Exhibit A, p. 2, ¶ 5.
[19] *Id.* § 6.9.

13.    To PrEP4All's knowledge, the M-CRADA itself has not been made public. Little is known about the terms of the M-CRADA, and PrEP4All does not know of any other source documenting or describing it. In a press release on the settlement of the *United States v. Gilead* cases,[20] an executive for Gilead stated the following, which may be a vague reference to the M-CRADA: "Gilead continues to champion collaborations, including our efforts with HHS that span more than 15 years, as we all work together toward our common goal to end the HIV epidemic for everyone, everywhere." To PrEP4All's knowledge, none of the government agencies potentially involved in the M-CRADA—HHS, DOJ, CDC, and NIH—have issued a press release or provided comments to media about the M-CRADA.

14.    There is a strong public interest in the M-CRADA, the M-CRADA's terms, and the reasons for entering into the M-CRADA. As the settlement agreement itself notes, the M-CRADA was an essential part of the entire agreement between Gilead and the U.S. government to end their dispute.[21] PrEP4All and other HIV/AIDS organizations have a strong, enduring interest in understanding why and how the dispute ended. On January 16, 2025, PrEP4All issued a statement on the Agreement.[22] PrEP4All's statement stated, *inter alia*, "[i]t's outrageous that PrEP4All and other organizations weren't consulted in the decision to abandon the [*United States v. Gilead*] litigation."[23] In a statement to Bloomberg Law, Mark Harrington, Executive Director of the Treatment Action Group (another independent, nonprofit HIV/AIDS advocacy

---

[20] *Gilead Statement on Successful Resolution with U.S. Department of Justice and the Department of Health and Human Services on Patents*, Gilead (Jan. 15, 2025), https://www.gilead.com/company/company-statements/2025/gilead-statement-on-successful-resolution-with-us-department-of-justice-and-the-department-of-health-and-human-services-on-patents.

[21] Exhibit A § 6.9.

[22] Press Release, PrEP4All, PrEP4All Denounces DOJ Decision to Abandon Appeal in *U.S. v. Gilead* PrEP Patent Case (Jan. 16, 2025), https://prep4all.org/press-release-prep4all-denounces-doj-decision-to-abandon-appeal-in-u-s-v-gilead-prep-patent-case/.

[23] *Id.*

organization), stated, "[t]he DoJ acted with cowardice and unseemly haste in prematurely withdrawing its case against Gilead."[24]

15. Given that strong public interest, there are compelling reasons to reveal the terms of the M-CRADA and the reasons why HHS and DOJ chose to settle the case when they did.

16. Plaintiff PrEP4All submitted a FOIA request to Defendant HHS on October 31, 2025, seeking the release of the M-CRADA (the "HHS Request"). A true and correct copy of the HHS Request is attached as Exhibit B.

17. Plaintiff PrEP4All submitted a separate FOIA request to Defendant DOJ on the same day, October 31, 2025, also seeking the release of the M-CRADA (the "DOJ Request"). A true and correct copy of the DOJ Request is attached as Exhibit E.

18. Plaintiff PrEP4All submitted a separate FOIA request to Defendant CDC on the same day, October 31, 2025, also seeking the release of the M-CRADA (the "CDC Request"). A true and correct copy of the CDC Request is attached as Exhibit H.

19. Plaintiff PrEP4All submitted a separate FOIA request to Defendant NIH on the same day, October 31, 2025, also seeking the release of the M-CRADA (the "NIH Request"). A true and correct copy of the NIH Request is attached as Exhibit K.

20. As is pled in more detail below, to date, Defendants HHS, DOJ, CDC, and NIH have not released any responsive records, notwithstanding the FOIA's prescribed time limits and the simplicity and specificity of the requests made to the agencies.

21. PrEP4All now asks the Court for injunctive and other relief requiring Defendants HHS, DOJ, NIH, and CDC to conduct a thorough search for all responsive records and to immediately process and release any responsive records, including the M-CRADA. PrEP4All

---

[24] Christopher Yasiejko, *Advocates Slam US-Gilead Patent Settlement Over HIV PrEP Drugs*, Bloomberg Law (Jan. 21, 2025), https://www.bloomberglaw.com/bloomberglawnews/ip-law/X53UMHP8000000

seeks an order enjoining Defendants from withholding non-exempt, responsive records, and from charging search, review, or duplication fees for the processing of the FOIA requests filed with them. PrEP4All also asks the Court to order Defendants to make formal determinations on PrEP4All's requests for expedited processing of its FOIA requests to those agencies and to provide proper notice of those determinations.

**PARTIES**

22.    PrEP4All is a 501(c)(3) nonprofit organization based in Manhattan, New York, that is dedicated to ending the HIV epidemic by improving health care for people with and at risk of HIV/AIDS. PrEP4All's mailing address is:

> PrEP4All
>
> 368 9th Ave
>
> New York, NY 10001

23.    PrEP4All has no financial interest in this work. Additionally, PrEP4All receives no corporate funding for its work. PrEP4All is a "person" within the meaning of 5 U.S.C. § 551(2).

24.    HHS, DOJ, CDC, and NIH are each an "agency" within the meaning of 5 U.S.C. § 552(f)(1). HHS, DOJ, CDC, and NIH have possession and control over the M-CRADA.

**JURISDICTION AND VENUE**

25.    The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201 & 2202 and 5 U.S.C. §§ 701–06.

9

26.    Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B). Plaintiff PrEP4All

has its principal place of business in this District.

## FACTUAL BACKGROUND

### The HHS Request

*Record Sought*

27.    On October 31, 2025, PrEP4All submitted the HHS Request, seeking the

following record from HHS:

> The materials cooperative research and development agreement (M-CRADA) between NIH and CDC, on the one hand, and Gilead Sciences, Inc., on the other hand, and administered by NIAID, as is referenced in the Settlement Agreement between HHS and DOJ, on the one hand, and Gilead Sciences, Inc., on the other hand, in the *United States v. Gilead* cases (*United States v. Gilead Sciences, Inc.*, No. 1:19-cv-2103 (D. Del. Nov. 6, 2019) and *Gilead Sciences, Inc. v. United States*, No. 1:20-cv-00499 (Fed. Cl. Apr. 24, 2020)).

A true and correct copy of the HHS Request is attached as Exhibit B to this Complaint.

*Request for Waiver of Fees*

28.    PrEP4All sought a waiver of fees incurred in connection with searching and

copying in responding to the HHS Request on the grounds that disclosure of the requested record

is in the public interest because it is likely to contribute significantly to public understanding of

the operations and activities of the government and is not primarily in the commercial interest of

the requester.

29.    In support of its request for a fee waiver, PrEP4All noted in the HHS Request that

disclosure of the materials is in the public interest in light of the numerous public interest

organizations and individuals who have demonstrated interest in the resolution of the *United*

*States v. Gilead* cases,[25] evidenced in part by the various parties who submitted amicus briefs in the appeal of the District of Delaware case.[26] Further, PrEP4All noted its intent to disseminate the information it obtains from the HHS Request to the public through publication in widely distributed media, and cited its and its representatives' lengthy track record of doing so.[27]

30.    PrEP4All noted that it is a 501(c)(3) nonprofit organization that has no commercial interest and cited its aim of facilitating and conducting rigorous, objective, and fair evaluation of the information sought in the HHS Request in furtherance of public knowledge and public health.

*Request for Expedited Processing*

31.    PrEP4All sought expedited processing of the HHS Request on the ground that there is "a compelling need" for the disclosure of the record because the information requested is urgently needed "by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

---

[25] *See, e.g.*, Blake Brittain, *Gilead Sciences, US Government Settle Patent Case Over HIV Prevention Drugs*, Reuters (Jan. 15, 2025), https://www.statnews.com/pharmalot/2024/07/08/gilead-hiv-aids-truvada-descovy-patents-biden/; https://www.reuters.com/legal/gilead-sciences-us-government-settle-patent-case-over-hiv-prevention-drugs-2025-01-15/; Christopher Yasiejko, *Advocates Slam US-Gilead Patent Settlement Over HIV PrEP Drugs*, Bloomberg Law (Jan. 21, 2025), https://news.bloomberglaw.com/ip-law/advocates-slam-us-gilead-patent-settlement-over-hiv-prep-drugs.

[26] *See, e.g.*, Brief of Amici Curiae PrEP4All et al., *United States v. Gilead Sciences, Inc.* (Fed. Cir. Dec. 19, 2024) (No. 2024-2069), https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.19.0.pdf

[27] *See* Exhibit B. Jeremiah Johnson has served as the Executive Director of PrEP4All since 2022. In connection with his work with PrEP4All, Mr. Johnson has published widely on developments in the law, policy, and science of HIV prevention and treatment. See, e.g., Johnson, Jeremiah, Amy Killelea, and Kenyon Farrow. "Investing in National HIV PrEP Preparedness." New England Journal of Medicine 388, no. 9 (2023); Johnson, Jeremiah, and Amy Killelea. "A New Drug Could Change the HIV Prevention Landscape, But Only With a Fair Price Tag." Health Affairs. Aug. 26, 2024. https://www.healthaffairs.org/content/forefront/new-drug-could-change-hiv-prevention-landscape-but-only-fair-price-tag; Johnson, Jeremiah, Asa Radix, and Raniyah Copeland et al. "Building Racial and Gender Equity into a National PrEP Access Program." Journal of Law, Medicine, and Ethics 50, no. S1 (2022); Killelea, Amy, Jeremiah Johnson, Derek T. Dangerfield et al. "Financing and Delivering Pre-Exposure Prophylaxis (PrEP) to End the HIV Epidemic." Journal of Law, Medicine, and Ethics 50, no. S1 (2022).

32.    PrEP4All is engaged in disseminating information to the general public and not merely to a narrow interest group.[28] As noted above, PrEP4All and its representatives have a track record of publications, and disseminating information to the public about availability of HIV care, including PrEP, is one of PrEP4All's core initiatives. Obtaining information about the availability of PrEP, analyzing that information, and publishing and disseminating it to the press and public at large are thus among PrEP4All's core activities. *See ACLU v. DOJ,* 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004) (finding nonprofit public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience" to be "primarily engaged in disseminating information").

33.    Additionally, the record sought pertains to a matter of widespread and exceptional media interest in which there exist questions about the Government's integrity that affect public confidence, as is explained above.

**Correspondence Regarding the HHS Request, Including Defendant HHS's Responses**

34.    Via a webpage generated on October 31, 2025, HHS acknowledged receipt of the HHS Request. A true and correct copy of HHS's October 31, 2025 receipt webpage is attached as Exhibit C to this Complaint. On this webpage, HHS stated, "Your FOIA request has been created and is being sent to the Office of the Secretary. You'll hear back from the agency confirming receipt in the coming weeks using the contact information you provided." On this webpage, HHS did not provide any further information vis-à-vis the HHS Request.

35.    By email dated March 31, 2026, PrEP4All's representatives inquired about the search and processing schedule for the HHS Request. PrEP4All's representatives followed up

---

[28] *See* Exhibit B.

12

with further email inquiries on April 6, 2026 and April 9, 2026. A true and correct copy of

PrEP4All's March 31, 2026, April 6, 2026, and April 9, 2026 email inquiries is attached as

Exhibit D to this Complaint.

36.    To date, HHS has not responded to any of PrEP4All's March 31, 2026, April 6,

2026, and April 9, 2026 email inquiries.

37.    To date, HHS has not provided notice to PrEP4All of any determination of

whether to provide expedited processing of the HHS Request.

38.    To date, HHS has produced no records and no further response to the HHS

Request.

39.    HHS has also declined invitations from PrEP4All to a telephone conference.

### The DOJ Request

*Record Sought*

40.    On October 31, 2025, PrEP4All submitted the DOJ Request, seeking the

following record from DOJ:

> The materials cooperative research and development agreement (M-CRADA) between NIH and CDC, on the one hand, and Gilead Sciences, Inc., on the other hand, and administered by NIAID, as is referenced in the Settlement Agreement between HHS and DOJ, on the one hand, and Gilead Sciences, Inc., on the other hand, in the *United States v. Gilead* cases (*United States v. Gilead Sciences, Inc.*, No. 1:19-cv-2103 (D. Del. Nov. 6, 2019) and *Gilead Sciences, Inc. v. United States*, No. 1:20-cv-00499 (Fed. Cl. Apr. 24, 2020)).

A true and correct copy of the DOJ Request is attached as Exhibit E to this Complaint.

*Request for Waiver of Fees*

41.    PrEP4All sought a waiver of fees incurred in connection with searching and

copying in responding to the DOJ Request on the grounds that disclosure of the requested record

is in the public interest because it is likely to contribute significantly to public understanding of

13

the operations and activities of the government and is not primarily in the commercial interest of the requester.

42.    In support of its request for a fee waiver, PrEP4All noted in the DOJ Request that disclosure of the materials is in the public interest in light of the numerous public interest organizations and individuals who have demonstrated interest in the resolution of the *United States v. Gilead* cases,[29] evidenced in part by the various parties who submitted amicus briefs in the appeal of the District of Delaware case.[30] Further, PrEP4All noted its intent to disseminate the information it obtains from the DOJ Request to the public through publication in widely distributed media, and cited its and its representatives' lengthy track record of doing so.[31]

43.    PrEP4All noted that it is a 501(c)(3) nonprofit organization that has no commercial interest and cited its aim of facilitating and conducting rigorous, objective, and fair evaluation of the information sought in the DOJ Request in furtherance of public knowledge and public health.

*Request for Expedited Processing*

---

[29] *See, e.g.*, Blake Brittain, *Gilead Sciences, US Government Settle Patent Case Over HIV Prevention Drugs*, Reuters (Jan. 15, 2025), https://www.statnews.com/pharmalot/2024/07/08/gilead-hiv-aids-truvada-descovy-patents-biden/; https://www.reuters.com/legal/gilead-sciences-us-government-settle-patent-case-over-hiv-prevention-drugs-2025-01-15/; Christopher Yasiejko, *Advocates Slam US-Gilead Patent Settlement Over HIV PrEP Drugs*, Bloomberg Law (Jan. 21, 2025), https://news.bloomberglaw.com/ip-law/advocates-slam-us-gilead-patent-settlement-over-hiv-prep-drugs.

[30] *See, e.g.*, Brief of Amici Curiae PrEP4All et al., *United States v. Gilead Sciences, Inc.* (Fed. Cir. Dec. 19, 2024) (No. 2024-2069), https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.19.0.pdf

[31] *See* Exhibit E. Jeremiah Johnson has served as the Executive Director of PrEP4All since 2022. In connection with his work with PrEP4All, Mr. Johnson has published widely on developments in the law, policy, and science of HIV prevention and treatment. *See, e.g.*, Jeremiah Johnson, Amy Killelea, and Kenyon Farrow, *Investing in National HIV PrEP Preparedness*, 9 New England Journal of Medicine 388 (2023); Jeremiah Johnson and Amy Killelea, *A New Drug Could Change the HIV Prevention Landscape, But Only With a Fair Price Tag*, Health Affairs (Aug. 26, 2024), https://www.healthaffairs.org/content/forefront/new-drug-could-change-hiv-prevention-landscape-but-only-fair-price-tag; Jeremiah Johnson et al., *Building Racial and Gender Equity into a National PrEP Access Program*, 50 Journal of Law, Medicine, and Ethics 55 (2022); Amy Killelea et al., *Financing and Delivering Pre-Exposure Prophylaxis (PrEP) to End the HIV Epidemic*, 50 Journal of Law, Medicine, and Ethics 8 (2022).

44.    PrEP4All sought expedited processing of the DOJ Request on the ground that there is "a compelling need" for the disclosure of the record because the information requested is urgently needed "by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

45.    PrEP4All is engaged in disseminating information to the general public and not merely to a narrow interest group.[32] As noted above, PrEP4All and its representatives have a track record of publications, and disseminating information to the public about availability of HIV care, including PrEP, is one of PrEP4All's core initiatives. Obtaining information about the availability of PrEP, analyzing that information, and publishing and disseminating it to the press and public at large are thus among PrEP4All's core activities. *See ACLU v. DOJ*, 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004) (finding nonprofit public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience" to be "primarily engaged in disseminating information").

46.    Additionally, the record sought pertains to a matter of widespread and exceptional media interest in which there exist questions about the Government's integrity that affect public confidence, as is explained above.

**Correspondence Regarding the DOJ Request, Including Defendant DOJ's Responses**

47.    Via a webpage generated on October 31, 2025, DOJ acknowledged receipt of the DOJ Request. A true and correct copy of DOJ's October 31, 2025 receipt webpage is attached as Exhibit F to this Complaint. On this webpage, DOJ stated, "Your FOIA request has been created

---

[32] *See* Exhibit E.

15

and is being sent to the Civil Division. You'll hear back from the agency confirming receipt in

the coming weeks using the contact information you provided." On this webpage, DOJ did not

provide any further information vis-à-vis the DOJ Request.

48.    By email dated March 31, 2026, PrEP4All's representatives inquired about the

search and processing schedule for the DOJ Request. On April 10, 2026, DOJ responded via

email. DOJ's April 10, 2026 email stated as follows:

> We regret the delay in responding to your email. A search has been conducted, and
> we continue to process your request. We aim to complete your request as soon as
> practicable as we have a large backlog. Please note that under the FOIA, we are
> required to perform consultations with any stakeholders prior to disclosing any
> records.

49.    A true and correct copy of this email correspondence between PrEP4All and DOJ

is attached as Exhibit G to this Complaint.

50.    To date, DOJ has not provided notice to PrEP4All of any determination of

whether to provide expedited processing of the DOJ Request.

51.    To date, DOJ has produced no records and no further response to the DOJ

Request.

52.    DOJ has also declined PrEP4All's invitation to a telephone conference.

### The CDC Request

*Record Sought*

53.    On October 31, 2025, PrEP4All submitted the CDC Request, seeking the

following record from CDC:

> The materials cooperative research and development agreement (M-CRADA)
> between NIH and CDC, on the one hand, and Gilead Sciences, Inc., on the other
> hand, and administered by NIAID, as is referenced in the Settlement Agreement
> between HHS and DOJ, on the one hand, and Gilead Sciences, Inc., on the other
> hand, in the *United States v. Gilead* cases (*United States v. Gilead Sciences, Inc.*,
> No. 1:19-cv-2103 (D. Del. Nov. 6, 2019) and *Gilead Sciences, Inc. v. United States*,
> No. 1:20-cv-00499 (Fed. Cl. Apr. 24, 2020)).

A true and correct copy of the CDC Request is attached as Exhibit H to this Complaint.

*Request for Waiver of Fees*

54.     PrEP4All sought a waiver of fees incurred in connection with searching and copying in responding to the CDC Request on the grounds that disclosure of the requested record is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester.

55.     In support of its request for a fee waiver, PrEP4All noted in the CDC Request that disclosure of the materials is in the public interest in light of the numerous public interest organizations and individuals who have demonstrated interest in the resolution of the *United States v. Gilead* cases,[33] evidenced in part by the various parties who submitted amicus briefs in the appeal of the District of Delaware case.[34] Further, PrEP4All noted its intent to disseminate the information it obtains from the CDC Request to the public through publication in widely distributed media, and cited its and its representatives' lengthy track record of doing so.[35]

---

[33] *See, e.g.*, Ed Silverman, *Biden Administration Appeals Jury Finding in Battle Over Patents for HIV Prevention Pills*, STAT (July 8, 2024), https://www.statnews.com/pharmalot/2024/07/08/gilead-hiv-aids-truvada-descovy-patents-biden/; Blake Brittain, *Gilead Sciences, US Government Settle Patent Case Over HIV Prevention Drugs*, Reuters (Jan. 15, 2025), https://www.reuters.com/legal/gilead-sciences-us-government-settle-patent-case-over-hiv-prevention-drugs-2025-01-15/; Christopher Yasiejko, *Advocates Slam US-Gilead Patent Settlement Over HIV PrEP Drugs*, Bloomberg Law (Jan. 21, 2025), https://news.bloomberglaw.com/ip-law/advocates-slam-us-gilead-patent-settlement-over-hiv-prep-drugs.

[34] *See, e.g.*, Brief of Amici Curiae PrEP4All et al., *United States v. Gilead Sciences, Inc.* (Fed. Cir. Dec. 19, 2024) (No. 2024-2069), https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.19.0.pdf

[35] *See* Exhibit H. Jeremiah Johnson has served as the Executive Director of PrEP4All since 2022. In connection with his work with PrEP4All, Mr. Johnson has published widely on developments in the law, policy, and science of HIV prevention and treatment. *See, e.g.*, Jeremiah Johnson, Amy Killelea, and Kenyon Farrow, *Investing in National HIV PrEP Preparedness*, 9 New England Journal of Medicine 388 (2023); Jeremiah Johnson and Amy Killelea, *A New Drug Could Change the HIV Prevention Landscape, But Only With a Fair Price Tag*, Health Affairs (Aug. 26, 2024), https://www.healthaffairs.org/content/forefront/new-drug-could-change-hiv-prevention-landscape-but-only-fair-price-tag; Jeremiah Johnson et al., *Building Racial and Gender Equity into a National PrEP Access Program*, 50 Journal of Law, Medicine, and Ethics 55 (2022); Amy Killelea et al., *Financing and Delivering Pre-Exposure Prophylaxis (PrEP) to End the HIV Epidemic*, 50 Journal of Law, Medicine, and Ethics 8 (2022).

56.     PrEP4All noted that it is a 501(c)(3) nonprofit organization that has no commercial interest and cited its aim of facilitating and conducting rigorous, objective, and fair evaluation of the information sought in the CDC Request in furtherance of public knowledge and public health.

*Request for Expedited Processing*

57.     PrEP4All sought expedited processing of the CDC Request on the ground that there is "a compelling need" for the disclosure of the record because the information requested is urgently needed "by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

58.     PrEP4All is engaged in disseminating information to the general public and not merely to a narrow interest group.[36] As noted above, PrEP4All and its representatives have a track record of publications, and disseminating information to the public about availability of HIV care, including PrEP, is one of PrEP4All's core initiatives. Obtaining information about the availability of PrEP, analyzing that information, and publishing and disseminating it to the press and public at large are thus among PrEP4All's core activities. *See ACLU v. DOJ,* 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004) (finding nonprofit public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience" to be "primarily engaged in disseminating information").

---

[36] *See* Exhibit H.

18

59.     Additionally, the record sought pertains to a matter of widespread and exceptional media interest in which there exist questions about the Government's integrity that affect public confidence, as is explained above.

**Correspondence Regarding the CDC Request, Including Defendant CDC's Responses**

60.     Via a webpage generated on October 31, 2025, CDC acknowledged receipt of the CDC Request. A true and correct copy of CDC's October 31, 2025 receipt webpage is attached as Exhibit I to this Complaint. On this webpage, CDC stated, "Your FOIA request has been created and is being sent to the Centers for Disease Control and Prevention. You'll hear back from the agency confirming receipt in the coming weeks using the contact information you provided." On this webpage, CDC did not provide any further information vis-à-vis the CDC Request.

61.     By email dated March 31, 2026, PrEP4All's representatives inquired about the search and processing schedule for the CDC Request. PrEP4All's representatives followed up with further email inquiries on April 6, 2026 and April 9, 2026. A true and correct copy of PrEP4All's March 31, 2026, April 6, 2026, and April 9, 2026 email inquiries is attached as Exhibit J to this Complaint.

62.     To date, CDC has not responded to any of PrEP4All's March 31, 2026, April 6, 2026, and April 9, 2026 email inquiries.

63.     To date, CDC has not provided notice to PrEP4All of any determination of whether to provide expedited processing of the CDC Request.

64.     To date, CDC has produced no records or any further response to the CDC Request.

65.     CDC has also declined invitations from PrEP4All to a telephone conference.

19

**The NIH Request**

*Record Sought*

66.    On October 31, 2025, PrEP4All submitted the NIH Request, seeking the following record from NIH:

> The materials cooperative research and development agreement (M-CRADA) between NIH and CDC, on the one hand, and Gilead Sciences, Inc., on the other hand, and administered by NIAID, as is referenced in the Settlement Agreement between HHS and DOJ, on the one hand, and Gilead Sciences, Inc., on the other hand, in the *United States v. Gilead* cases (*United States v. Gilead Sciences, Inc.*, No. 1:19-cv-2103 (D. Del. Nov. 6, 2019) and *Gilead Sciences, Inc. v. United States*, No. 1:20-cv-00499 (Fed. Cl. Apr. 24, 2020)).

A true and correct copy of the NIH Request is attached as Exhibit K to this Complaint.

*Request for Waiver of Fees*

67.    PrEP4All sought a waiver of fees incurred in connection with searching and copying in responding to the NIH Request on the grounds that disclosure of the requested record is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester.

68.    In support of its request for a fee waiver, PrEP4All noted in the NIH Request that disclosure of the materials is in the public interest in light of the numerous public interest organizations and individuals who have demonstrated interest in the resolution of the *United States v. Gilead* cases,[37] evidenced in part by the various parties who submitted amicus briefs in

---

[37] *See, e.g.*, Ed Silverman, *Biden Administration Appeals Jury Finding in Battle Over Patents for HIV Prevention Pills*, STAT (July 8, 2024), https://www.statnews.com/pharmalot/2024/07/08/gilead-hiv-aids-truvada-descovy-patents-biden/; Blake Brittain, *Gilead Sciences, US Government Settle Patent Case Over HIV Prevention Drugs*, Reuters (Jan. 15, 2025), https://www.reuters.com/legal/gilead-sciences-us-government-settle-patent-case-over-hiv-prevention-drugs-2025-01-15/; Christopher Yasiejko, *Advocates Slam US-Gilead Patent Settlement Over HIV PrEP Drugs*, Bloomberg Law (Jan. 21, 2025), https://news.bloomberglaw.com/ip-law/advocates-slam-us-gilead-patent-settlement-over-hiv-prep-drugs.

the appeal of the District of Delaware case.[38] Further, PrEP4All noted its intent to disseminate the information it obtains from the NIH Request to the public through publication in widely distributed media, and cited its and its representatives' lengthy track record of doing so.[39]

69.     PrEP4All noted that it is a 501(c)(3) nonprofit organization that has no commercial interest and cited its aim of facilitating and conducting rigorous, objective, and fair evaluation of the information sought in the NIH Request in furtherance of public knowledge and public health.

*Request for Expedited Processing*

70.     PrEP4All sought expedited processing of the NIH Request on the ground that there is "a compelling need" for the disclosure of the record because the information requested is urgently needed "by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

71.     PrEP4All is engaged in disseminating information to the general public and not merely to a narrow interest group.[40] As noted above, PrEP4All and its representatives have a track record of publications, and disseminating information to the public about availability of HIV care, including PrEP, is one of PrEP4All's core initiatives. Obtaining information about the

---

[38] *See, e.g.*, Brief of Amici Curiae PrEP4All et al., *United States v. Gilead Sciences, Inc.* (Fed. Cir. Dec. 19, 2024) (No. 2024-2069), https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.19.0.pdf

[39] *See* Exhibit K. Jeremiah Johnson has served as the Executive Director of PrEP4All since 2022. In connection with his work with PrEP4All, Mr. Johnson has published widely on developments in the law, policy, and science of HIV prevention and treatment. *See, e.g.*, Jeremiah Johnson, Amy Killelea, and Kenyon Farrow, *Investing in National HIV PrEP Preparedness*, 9 New England Journal of Medicine 388 (2023); Jeremiah Johnson and Amy Killelea, *A New Drug Could Change the HIV Prevention Landscape, But Only With a Fair Price Tag*, Health Affairs (Aug. 26, 2024), https://www.healthaffairs.org/content/forefront/new-drug-could-change-hiv-prevention-landscape-but-only-fair-price-tag; Jeremiah Johnson et al., *Building Racial and Gender Equity into a National PrEP Access Program*, 50 Journal of Law, Medicine, and Ethics 55 (2022); Amy Killelea et al., *Financing and Delivering Pre-Exposure Prophylaxis (PrEP) to End the HIV Epidemic*, 50 Journal of Law, Medicine, and Ethics 8 (2022).

[40] *See* Exhibit K.

21

availability of PrEP, analyzing that information, and publishing and disseminating it to the press and public at large are thus among PrEP4All's core activities. *See ACLU v. DOJ,* 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004) (finding nonprofit public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience" to be "primarily engaged in disseminating information").

72.     Additionally, the record sought pertains to a matter of widespread and exceptional media interest in which there exist questions about the Government's integrity that affect public confidence, as is explained above.

**Correspondence Regarding the NIH Request, Including Defendant NIH's Responses**

73.     Via an email sent on October 31, 2025, NIH acknowledged receipt of the NIH Request. A true and correct copy of NIH's October 31, 2025 email confirming receipt is attached as Exhibit L to this Complaint.

74.     Via a second email sent on October 31, 2025, NIH assigned a tracking number to the NIH Request: #64790. A true and correct copy of NIH's October 31, 2025 email assigning a tracking number is attached as Exhibit M to this Complaint.

75.     Via an email sent on November 13, 2025 and attributed to the NLHBI FOIA Service Center, NIH provided an update on its review of PrEP4All's request for expedited processing of the NIH Request. A true and correct copy of NIH's November 13, 2025 email is attached as Exhibit N to this Complaint. NIH's November 13, 2025 email stated, "[p]lease be advised that we have sent your case for adjudication of the expedited processing request to the main NIH FOIA Office. You will be hearing from them regarding this decision. It is waiting in a queue of multiple requests for expedited processing, as you can imagine."

22

76.     By email dated March 31, 2026, PrEP4All's representatives inquired about the search and processing schedule for the NIH Request. A true and correct copy of PrEP4All's March 31, 2026 email is attached as Exhibit O to this Complaint.

77.     On April 1, 2026, NIH emailed PrEP4All a "referral notification and final notice for Case No. 64790." This email enclosed an attachment named "64790 Morten - Referral Notification Letter - HHS FOIA.pdf." The attachment is a two-page letter with the heading "Re: FOIA Case No. 64790." The letter stated,

> [T]his record was referred to the HHS FOIA Office for final review.
>
> Therefore, the NIH does not have authority over these materials and your request, and all responsive records have been referred to the HHS FOIA Office for direct response to you. Should you wish to contact that office, please direct your inquiry to the following email address foiarequest@hhs.gov Your NIH FOIA request has subsequently been closed.

A true and correct copy of NIH's April 1, 2026 email with its attachment (the letter) is attached as Exhibit P to this Complaint.

78.     To date, NIH has not provided clear notice to PrEP4All of any final decision on whether to provide expedited processing or any explanation of such decision.[41] PrEP4All was not notified of any rights to appeal from any decision denying expedited processing.

79.     To date, NIH has produced no records or any further response to the NIH Request.

80.     NIH has also declined PrEP4All's invitation to a telephone conference.

**Statutory and Regulatory Requirements**

---

[41] For at least one day in March 2026, the NIH FOIA Portal entry for the NIH Request indicated that the status of "Expedite Processing Request" was "Denied." However, this information is no longer visible in the NIH FOIA Portal, and the NIH has left no record of any decision on expedited processing.

81.     The FOIA was enacted to facilitate public access to government documents. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)). Its basic purpose is to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

82.     With that purpose in mind, the FOIA requires federal agencies, including Defendants, to disclose records within 20 working days in response to FOIA requests. 5 U.S.C. § 552(a)(6)(A)(i).

83.     If there are "unusual circumstances," an agency may extend the time limit to respond by no more than 10 working days. *Id*. § 552(a)(6)(B)(i). To invoke that extension, the agency must provide "written notice . . . setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id*.

84.     An agency can extend its processing time beyond the additional 10 days only if it provides written notice and "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id*. § 552(a)(6)(B)(ii).

85.     A district court has jurisdiction to enjoin the agency from withholding records and to order production of records that are subject to disclosure. *Id*. § 552(a)(4)(B).

86.     The FOIA also allows for requesters to ask for expedited processing of their request for records if they can demonstrate a compelling need. *Id*. § 552(a)(6)(E)(i). The term "compelling need" applies to requesters who are primarily engaged in disseminating information

24

and possess the urgency to inform the public concerning actual or alleged federal government activity. *Id.* § 552(a)(6)(E)(v)(II).

87.    The FOIA requires that "[e]ach agency shall promulgate regulations, pursuant to notice and receipt of public comment, providing for expedited processing . . . ." *Id.* § 552(a)(6)(E)(i). The FOIA further requires that "regulations under this subparagraph must ensure . . . that a determination of whether to provide expedited processing shall be made, and notice of the determination shall be provided to the person making the request, within 10 days after the date of the request." *Id.* § 552(a)(6)(E)(ii). HHS has enacted regulations pursuant to FOIA's command. 45 C.F.R. § 5.27. An HHS regulation states, "[w]e will respond to your request for expedited processing within 10 calendar days of our receipt of your request to expedite." *Id.* § 5.27(c). The regulation further states, "[w]e will inform you if we deny your request for expedited processing and provide you with appeal rights." *Id.* CDC and NIH are subject to HHS's FOIA regulations. *See* 45 C.F.R. § 5.3 (defining CDC and NIH as "divisions within HHS which are subject to this regulation"). DOJ has also enacted regulations pursuant to FOIA's command. 28 C.F.R. § 16.5.

88.    More than 100 working days have passed since PrEP4All filed the HHS Request, the DOJ Request, the CDC Request, and the NIH Request on October 31, 2025. Thus, the statutory time deadline to fulfill these requests has long ago passed as to all Defendants. *Id.* § 552(a)(6)(C)(i).

89.    PrEP4All has exhausted all required administrative remedies regarding Defendants' failure to respond to their respective FOIA requests, for at least the reason that Defendants have failed to comply with the extended time limit of 30 working days to respond to the requests under the FOIA.

25

90.    PrEP4All has also exhausted all required administrative remedies regarding Defendants' failure to respond to their respective FOIA requests, because each Defendant has failed to provide notice to PrEP4All of a determination on PrEP4All's requests for expedited processing within the 10-day time limit required by statute and by HHS and DOJ regulations. 5 U.S.C. § 552(a)(6)(E)(i)(I); 45 C.F.R. § 5.27; 28 C.F.R. § 16.5. To the extent that NIH has somehow provided notice of denial of expedited processing, NIH has failed to comply with the HHS regulation that promises that NIH will provide notice and information on appeal rights in the event that a request for expedited processing is denied. 45 C.F.R. § 5.27(c) ("We will inform you if we deny your request for expedited processing and provide you with appeal rights.") Defendants' failure to provide PrEP4All with notice of their decisions on expedited processing renders them noncompliant with both the FOIA and their own regulations and provides PrEP4All with a separate basis to bring this action.

## CLAIMS FOR RELIEF

### Claims for Relief from HHS

91.    Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

92.    The failure of HHS to make a reasonable effort to search for records responsive to the HHS Request violates the FOIA, 5 U.S.C. § 552(a)(3) and HHS's corresponding regulations.

93.    The failure of HHS to promptly make available the record sought by the HHS Request violates the FOIA, 5 U.S.C. § 552(a)(3), (a)(6)(A) and HHS's corresponding regulations.

94. The failure of HHS to process the HHS Request expeditiously and as soon as practicable violates the FOIA, 5 U.S.C. § 552(a)(6)(E) and HHS's corresponding regulations.

95. HHS's withholding of non-exempt agency records subject to the HHS Request violates the FOIA, 5 U.S.C. § 552 and HHS's corresponding regulations.

96. HHS's failure to provide notice to PrEP4All of a determination on PrEP4All's request for expedited processing within 10 days of receipt of the HHS Request violates the FOIA, 5 U.S.C. § 552(a)(6)(E)(i)(I), and HHS's corresponding regulations, 45 C.F.R. § 5.27.

### Claims for Relief from DOJ

97. Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

98. The failure of DOJ to make a reasonable effort to search for records responsive to the DOJ Request violates the FOIA, 5 U.S.C. § 552(a)(3) and DOJ's corresponding regulations.

99. The failure of DOJ to promptly make available the record sought by the DOJ Request violates the FOIA, 5 U.S.C. § 552(a)(3), (a)(6)(A) and DOJ's corresponding regulations.

100. The failure of DOJ to process the DOJ Request expeditiously and as soon as practicable violates the FOIA, 5 U.S.C. § 552(a)(6)(E) and DOJ's corresponding regulations.

101. DOJ's withholding of non-exempt agency records subject to the DOJ Request violates the FOIA, 5 U.S.C. § 552 and DOJ's corresponding regulations.

102. DOJ's failure to provide notice to PrEP4All of a determination on PrEP4All's request for expedited processing within 10 days of receipt of the DOJ Request violates the FOIA, 5 U.S.C. § 552(a)(6)(E)(i)(I), and DOJ's corresponding regulations, 28 C.F.R. § 16.5(e).

### Claims for Relief from CDC

27

103. Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

104. The failure of CDC to make a reasonable effort to search for records responsive to the CDC Request violates the FOIA, 5 U.S.C. § 552(a)(3) and HHS's corresponding regulations.

105. The failure of CDC to promptly make available the record sought by the CDC Request violates the FOIA, 5 U.S.C. § 552(a)(3), (a)(6)(A) and HHS's corresponding regulations.

106. The failure of CDC to process the CDC Request expeditiously and as soon as practicable violates the FOIA, 5 U.S.C. § 552(a)(6)(E) and HHS's corresponding regulations.

107. CDC's withholding of non-exempt agency records subject to the CDC Request violates the FOIA, 5 U.S.C. § 552 and HHS's corresponding regulations.

108. CDC's failure to provide notice to PrEP4All of a determination on PrEP4All's request for expedited processing within 10 days of receipt of the CDC Request violates the FOIA, 5 U.S.C. § 552(a)(6)(E)(i)(I), and HHS's corresponding regulations, 45 C.F.R. § 5.27.

**Claims for Relief from NIH**

109. Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

110. The failure of NIH to make a reasonable effort to search for records responsive to the NIH Request violates the FOIA, 5 U.S.C. § 552(a)(3) and HHS's corresponding regulations.

111. The failure of NIH to promptly make available the record sought by the NIH Request violates the FOIA, 5 U.S.C. § 552(a)(3), (a)(6)(A) and HHS's corresponding regulations.

112. The failure of NIH to process the NIH Request expeditiously and as soon as practicable violates the FOIA, 5 U.S.C. § 552(a)(6)(E) and HHS's corresponding regulations.

113. NIH's withholding of non-exempt agency records subject to the NIH Request violates the FOIA, 5 U.S.C. § 552 and HHS's corresponding regulations.

114. NIH's failure to provide notice to PrEP4All of a determination on PrEP4All's request for expedited processing within 10 days of receipt of the NIH Request violates the FOIA, 5 U.S.C. § 552(a)(6)(E)(i)(I), and HHS's corresponding regulations, 45 C.F.R. § 5.27.

115. To the extent that NIH has somehow provided notice to PrEP4All of a denial of expedited processing, NIH's failure to provide PrEP4All with information on appeal rights in the event that a request for expedited processing is denied represents a further violation of HHS's FOIA regulations, 45 C.F.R. § 5.27(c).

## REQUESTED RELIEF

WHEREFORE, Plaintiff PrEP4All respectfully requests that this Court:

a) Declare that HHS's, DOJ's, CDC's, and NIH's failure to respond and produce the requested record is unlawful;

b) Order HHS, DOJ, CDC, and NIH to conduct a full, adequate, and expedited search for all responsive records;

c) Order HHS, DOJ, CDC, and NIH to immediately process and release any responsive records;

d) Declare that the requested record is not exempt from disclosure under the FOIA;

29

e)      Enjoin HHS, DOJ, CDC, and NIH from withholding non-exempt, responsive records;

f)      Order HHS, DOJ, CDC, and NIH to provide written notice to PrEP4All of a determination on PrEP4All's requests for expedited processing and, in the event of denial, to provide notice to PrEP4All of any rights to appeal;

g)      Order HHS, DOJ, CDC, and NIH to grant PrEP4All a waiver of fees and prohibit these agencies from charging search, review, or duplication fees for the processing of their respective FOIA requests;

h)      Award PrEP4All costs and reasonable attorneys' fees incurred in this action; and

i)      Grant such other relief as the Court deems just and proper.

Dated: April 28, 2026

Respectfully submitted,[42]

/s/ Christopher J. Morten
Christopher J. Morten (N.Y. Bar Number 5428107)
SCIENCE, HEALTH & INFORMATION CLINIC
WASHINGTON SQUARE LEGAL SERVICES, INC.
NYU School of Law
245 Sullivan St, 5th Floor
New York, NY 10012
Tel: (212) 998-6433
Email: cjm531@nyu.edu
Counsel of Record
Counsel for Plaintiff PrEP4All, Inc.

Patrick K. Lin (N.Y. Bar Number 6078505)
SCIENCE, HEALTH & INFORMATION CLINIC
WASHINGTON SQUARE LEGAL SERVICES, INC.

---

[42] Counsel wish to thank Science, Health & Information Clinic students Benjamin Anderson, Ian Anderson, Dai An Jiang, and Marina Tian for their many contributions to this complaint and PrEP4All's efforts to fulfill its FOIA requests.

NYU School of Law
245 Sullivan St, 5th Floor
New York, NY 10012
Tel: (212) 998-6430
Email: pkl236@nyu.edu
*Counsel for Plaintiff PrEP4All, Inc.*