# EXHIBIT K

*Johnson (PrEP4All) FOIA request to NIH*

**VIA EMAIL AND WEB PORTAL**
Marianne Manheim, Freedom of Information Office Coordinator
National Institutes of Health
National Institute of Allergy and Infectious Diseases
Freedom of Information Act Office
6705 Rockledge Drive
Room 6054
Bethesda, MD 20817
(301) 496-9737
nhlbifoiarequest@nhlbi.nih.gov

October 31, 2025

**Re: FREEDOM OF INFORMATION ACT REQUEST**

Dear Ms. Marianne Manheim:

I, Jeremiah Johnson, Executive Director of PrEP4All, submit this request to the National Institutes of Health ("NIH") on behalf of PrEP4All, Inc. ("PrEP4All"). This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for specific records related to the materials cooperative research and development agreement (M-CRADA) the Centers for Disease Control and Prevention ("CDC") and NIH entered into with Gilead Sciences, Inc. ("Gilead") in connection with and referenced in the reached settlement agreement in *United States v. Gilead Sciences, Inc.*, No. 1:19-cv-2103 (D. Del. Nov 6, 2019) and *Gilead Sciences, Inc. v. United States*, No. 1:20-cv-00499 (Fed. Cl. Apr. 24, 2020)  (together, the "*United States v. Gilead* cases").

**Background**

*PrEP4All*

I submit this request on behalf of PrEP4All in my capacity as Executive Director of PrEP4All.[1] PrEP4All is a 501(c)(3) non-profit organization based in New York City that is dedicated to ending the HIV epidemic by improving health care for people with and at risk of HIV/AIDS. PrEP4All and I have no financial interest in this work. Additionally, PrEP4All receives no corporate funding for its work.

*The* United States v. Gilead *Cases*

In 2019, the Department of Justice ("DOJ") and the Department of Health and Human Services ("HHS") brought a suit that created an opportunity to correct a decades-long injustice that led to hundreds of thousands of new HIV infections. This case was *United States v. Gilead Sciences, Inc.*, No. 1:19-cv-2103 (D. Del. Nov. 6, 2019). The U.S. government alleged that Gilead had infringed on PrEP patents held by the CDC and owed royalties to the government. The CDC had developed these patents, which were the

---

[1] www.prep4all.org.

*Johnson (PrEP4All) FOIA request to NIH*

primary basis for the FDA approval of the first PrEP product in 2012, as a result of U.S. government investment of at least $143 million into HIV PrEP research. Yet Gilead has profited off these efforts since, charging American patients over $20,000 per patient per year, and it continued to infringe on publicly owned patents on PrEP that emerged from CDC research, despite the CDC's attempts to negotiate licenses with Gilead. Gilead's patent infringement and price gouging have perpetuated the HIV epidemic and made PrEP inaccessible to many communities. While Gilead has earned at least $10 billion from PrEP sales in the United States, in recent years fewer than 25% of individuals indicated for PrEP have accessed the drug.[2] This case set the stage for recourse. It also stood for a powerful norm: that drug companies, in general, cannot continue to privatize and profit from publicly developed technology, without accountability.

In 2020, Gilead brought a suit of its own against the United States government, alleging breach of certain contracts between the company and the CDC. This case was *Gilead Sciences, Inc. v. United States*, No. 1:20-cv-00499 (Fed. Cl. Apr. 24, 2020).

In 2023, *United States v. Gilead* (the District of Delaware case brought by the government) went to trial. The jury's verdict went against the government. With the push of PrEP4All and other HIV/AIDS advocates,[3] DOJ and HHS continued to litigate after the verdict. DOJ and HHS won an important post-trial motion and then, in July 2024, announced they would appeal the jury's verdict to the U.S. Court of Appeals for the Federal Circuit. That appeal was docketed and assigned appeal number 24-2069. In December 2024, DOJ and HHS filed their opening appeal brief.[4]

In January 2025, the government and Gilead settled both *United States v. Gilead* cases. On January 15, 2025, the government and Gilead filed joint stipulations of voluntary dismissal in the District of Delaware[5] and the Court of Federal Claims.[6] The District of Delaware and the Court of Federal Claims are now closed, and the Federal Circuit has dismissed the appeal.[7] The settlement was widely covered by news media.[8] Gilead issued a press release on the settlement.[9]

On February 19, 2025, PrEP4All filed a FOIA request for the settlement agreement between HHS and Gilead Sciences, Inc. in the *United States v. Gilead* cases (*United States v. Gilead Sciences, Inc.*, No. 1:19-cv-2103 (D. Del. Nov. 6, 2019) and *Gilead Sciences, Inc. v. United States*, No. 1:20-cv-00499 (Fed.

---

[2] https://prep4all.org/us-v-gilead-two-year-anniversary-prep4all-leads-25-advocacy-organizations-demanding-updates-on-hiv-prevention-drug-patent-lawsuit/.

[3] https://prep4all.org/statement-from-prep4all-and-pipli-on-the-disappointing-verdict-in-us-v-gilead/; https://prep4all.org/wp-content/uploads/2024/06/2023-05-30-Letter-of-P4A-PIPLI-to-DOJ-HHS.pdf.

[4] https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.13.0.pdf.

[5] https://storage.courtlistener.com/recap/gov.uscourts.ded.70560/gov.uscourts.ded.70560.507.0.pdf.

[6] https://storage.courtlistener.com/recap/gov.uscourts.uscfc.40800/gov.uscourts.uscfc.40800.243.0.pdf.

[7] https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.24.0.pdf.

[8] *See, e.g.*, https://www.statnews.com/pharmalot/2025/01/15/gilead-hiv-truvada-descovy-hhs-cdc-patents-prep/, https://www.reuters.com/legal/gilead-sciences-us-government-settle-patent-case-over-hiv-prevention-drugs-2025-01-15/; https://www.fiercepharma.com/pharma/gilead-settles-us-government-long-running-patent-dust-over-truvada-and-descovy; https://www.bloomberglaw.com/bloomberglawnews/ip-law/BNA%20000001946fa3da99abfcefb33fc00001.

[9] https://www.gilead.com/company/company-statements/2025/gilead-statement-on-successful-resolution-with-us-department-of-justice-and-the-department-of-health-and-human-services-on-patents.

*Johnson (PrEP4All) FOIA request to NIH*

Cl. Apr. 24, 2020)).[10] HHS did not keep PrEP4All meaningfully apprised of the status of this request, aside from one update on April 1, 2025, informing PrEP4All's representatives that "your FOIA request #2025-01745-FOIA-OS has been updated to the following status 'In Process'."[11] PrEP4All continued to reach out to HHS in connection with the request, receiving no response from HHS to correspondence sent on February 28, 2025, March 7, 2025, April 4, 2025, April 15, 2025, and June 16, 2025.[12]

HHS's delay in fulfilling PrEP4All's February 19, 2025 FOIA request became prejudicial to PrEP4All. PrEP4All subsequently filed a complaint for injunctive relief against HHS and DOJ on August 1, 2025, seeking release of any responsive records and other relief.[13] PrEP4All's FOIA complaint was covered by news media.[14]

On September 4, 2025, DOJ and HHS finally fulfilled PrEP4All's February 19, 2025 FOIA request and provided to PrEP4All an agreement entitled "MASTER SETTLEMENT AGREEMENT." A copy of "MASTER SETTLEMENT AGREEMENT" is attached hereto as Exhibit 1, hereinafter referred to as "Settlement Agreement." PrEP4All dismissed its FOIA suit shortly after receiving the Settlement Agreement.[15]

The Settlement Agreement indicates that it was entered into and made effective as of January 14, 2025. It declares "Gilead, the DOJ and HHS reached an agreement to settle the Disputes by simultaneously entering into (i) this Settlement Agreement and (ii) a materials cooperative research and development agreement ('M-CRADA') among the NIH and CDC, on the one hand, and Gilead, on the other hand, provided that the M-CRADA will be administered by the National Institute of Allergy and Infectious Diseases ('NIAID')."[16] The Settlement Agreement further states that "[t]his Settlement Agreement and the M-CRADA executed as of [January 14, 2025] together represent the entire agreement of the Parties with respect to the subject matter hereof and thereof . . . ."[17]

To PrEP4All's and my knowledge, the M-CRADA itself has not been made public. Little is known about the terms of the M-CRADA, and PrEP4All does not know of any other source documenting or describing it. In a press release on the settlement of the *United States v. Gilead* cases, an executive for Gilead stated the following in a press release, which may be a vague reference to the M-CRADA[18]:

---

[10] Complaint at ¶ 23, PrEP4All v. U.S. Dep't of Health & Hum. Servs., No. 1:25-cv-06335 (S.D.N.Y. Aug. 1, 2025).

[11] *Id.* at ¶¶ 30, 33.

[12] *Id.* at ¶¶ 31–41.

[13] *Id.* at 18–19.

[14] https://www.statnews.com/pharmalot/2025/08/01/gilead-hhs-cdc-patents-aids-hiv-truvada-doj-foia-medicine-pharma/.

[15] See Notice of Voluntary Dismissal Without Prejudice, PrEP4All v. U.S. Dep't of Health & Hum. Servs., No. 1:25-cv-06335 (S.D.N.Y. Sep. 12, 2025) (dismissing the suit after receipt of the Settlement Agreement).

[16] Settlement Agreement, P. 2, ¶ 5.

[17] *Id.* at § 6.9.

[18] https://www.gilead.com/company/company-statements/2025/gilead-statement-on-successful-resolution-with-us-department-of-justice-and-the-department-of-health-and-human-services-on-patents.

*Johnson (PrEP4All) FOIA request to NIH*

Gilead continues to champion collaborations, including our efforts with HHS that span more than 15 years, as we all work together toward our common goal to end the HIV epidemic for everyone, everywhere.

To PrEP4All's and my knowledge, HHS, DOJ, NIH, and CDC have not issued a press release or provided comments to media about the Settlement Agreement or the M-CRADA.

There is a strong public interest in the M-CRADA, the M-CRADA's terms, and the reasons for entering into the M-CRADA. As the Settlement Agreement itself notes, the M-CRADA was an essential part of the entire agreement between Gilead and the U.S. government to end their dispute.[19] PrEP4All and other HIV/AIDS organizations have a strong, enduring interest in understanding why and how the dispute ended. On January 16, 2025, PrEP4All issued a statement on the settlement of the *United States v. Gilead* cases. PrEP4All's statement stated, *inter alia*, "[i]t's outrageous that PrEP4All and other organizations weren't consulted in the decision to abandon the litigation."[20] In a statement to Bloomberg Law, Mark Harrington, Executive Director of the Treatment Action Group, stated, "[t]he DoJ acted with cowardice and unseemly haste in prematurely withdrawing its case against Gilead."[21]

Given that strong public interest, there are compelling reasons to reveal the entire M-CRADA.

### Requested Records

I seek release of the following records:

1. The materials cooperative research and development agreement (M-CRADA) between NIH and CDC, on the one hand, and Gilead Sciences, Inc., on the other hand, and administered by NIAID, as is referenced in the Settlement Agreement between HHS and DOJ, on the one hand, and Gilead Sciences, Inc., on the other hand, in the *United States v. Gilead* cases (*United States v. Gilead Sciences, Inc.*, No. 1:19-cv-2103 (D. Del. Nov. 6, 2019) and *Gilead Sciences, Inc. v. United States*, No. 1:20-cv-00499 (Fed. Cl. Apr. 24, 2020)).

I request that these records be produced in their native electronic formats with any attached metadata included, so long as such electronic files can be opened using standard commercially available software. If the files cannot be produced in this manner, I request that records be produced in an alternative electronic format that is text-searchable. *See* 5 U.S.C. § 552(a)(3)(B).

If the agency believes any relevant records, or any portions thereof, are exempted from disclosure, please reference the specific exemption allowed under the law and why the exemption applies.

### Application for Waiver of Fees

---

[19] Settlement Agreement, § 6.9.

[20] https://prep4all.org/press-release-prep4all-denounces-doj-decision-to-abandon-appeal-in-u-s-v-gilead-prep-patent-case/.

[21] https://www.bloomberglaw.com/bloomberglawnews/ip-law/X53UMHP8000000.

*Johnson (PrEP4All) FOIA request to NIH*

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), I request waiver of fees incurred in connection with searching and copying in responding to this request. I am requesting the waiver on the grounds that disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester.

*Disclosure is in the public interest*:

Disclosure is in the public interest pursuant because this request will shed light into the reasons as to why HHS and DOJ chose to settle the *United States v. Gilead* cases and the negotiations that led up to the settlement. This case was and is of high interest to many public interest organizations and the public at large.[22] PrEP4All and other organizations and individuals filed amicus briefs in the appeal of the District of Delaware case, which is evidence of significant interest in the case.[23] The case was an opportunity to hold Gilead accountable for its profiteering, while also setting an important precedent that private companies cannot take advantage of public research without accountability. The negotiation terms and decision-making processes behind surrendering the case have not been made public. The public has an interest in ensuring that HHS and DOJ negotiated beneficial settlement terms and understanding the decision to withdraw the appeal. The M-CRADA and its terms are an essential piece for understanding the full extent of negotiations and the benefit to the government, as well as to the public, that may have been secured by the settlement of the *United States v. Gilead* cases.

Disclosure is also in the public interest because PrEP4All and I plan to disseminate the information I obtain from this request to the public through publication in widely distributed media. PrEP4All and I have an established track record of such publications. Exemplary high-impact publications based on my investigations include:

- Johnson, Jeremiah, Amy Killelea, and Kenyon Farrow. "Investing in National HIV PrEP Preparedness." *New England Journal of Medicine* 388, no. 9 (2023).
- Johnson, Jeremiah, and Amy Killelea. "A New Drug Could Change the HIV Prevention Landscape, But Only With a Fair Price Tag." Health Affairs. Aug. 26, 2024. https://www.healthaffairs.org/content/forefront/new-drug-could-change-hiv-prevention-landscape-but-only-fair-price-tag.
- Johnson, Jeremiah, Asa Radix, and Raniyah Copeland et al. "Building Racial and Gender Equity into a National PrEP Access Program." *Journal of Law, Medicine, and Ethics* 50, no. S1 (2022).
- Killelea, Amy, Jeremiah Johnson, Derek T. Dangerfield et al. "Financing and Delivering Pre-Exposure Prophylaxis (PrEP) to End the HIV Epidemic." *Journal of Law, Medicine, and Ethics* 50, no. S1 (2022).
- Krellenstein, James, and Jeremiah Johnson. "PrEP Pricing Problems." TAGLine Apr. 4, 2016, available at https://www.thebody.com/article/prep-pricing-problems.

---

[22] *See, e.g.,* https://www.statnews.com/pharmalot/2024/07/08/gilead-hiv-aids-truvada-descovy-patents-biden/; https://www.reuters.com/legal/gilead-sciences-us-government-settle-patent-case-over-hiv-prevention-drugs-2025-01-15/; https://news.bloomberglaw.com/ip-law/advocates-slam-us-gilead-patent-settlement-over-hiv-prep-drugs.

[23] *See, e.g.,* https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.19.0.pdf.

*Johnson (PrEP4All) FOIA request to NIH*

*The requester has no commercial interest in the information sought*:

PrEP4All and I have no commercial interest in the information sought. We have no commercial interest in these records, but rather we aim to facilitate and conduct rigorous, objective, and fair evaluation of the information sought in furtherance of public knowledge and public health.

For these reasons, a public interest waiver of fees is appropriate here. I therefore respectfully request that all fees related to the search, review, and duplication of the requested records be waived. If the search and review fees will not be waived, I ask that you contact me at the email address listed below should the estimated fees resulting from this request exceed $100.

### Application for Expedited Processing

Pursuant to 5 U.S.C. § 552(a)(6)(E)(i)(I), I request that the records requested in this letter be disclosed on an expedited basis because "a compelling need" exists for the disclosure of the information contained in these records. A compelling need exists under FOIA "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity," 5 U.S.C. § 552(a)(6)(E)(v)(II).

*The requester is engaged in disseminating information*:

I am engaged in disseminating information to the general public and not merely to a narrow interest group. As noted above, PrEP4All and I have a track record of publications, and disseminating information to the public about availability of HIV and PrEP care is one of PrEP4All's core initiatives. Obtaining information about the availability of HIV PrEP, analyzing that information, and publishing and disseminating it to the press and public at large are thus among PrEP4All's core activities. *See ACLU v. DOJ*, 321 F.Supp.2d 24, 29 n.5 (D.D.C. 2004) (finding non-profit public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience" to be "primarily engaged in disseminating information").

*The records sought pertain to a matter of widespread and exceptional media interest in which there exist questions about the Government's integrity that affect public confidence*:

As I've explained above, the records requested pertain to a matter of widespread and exceptional media interest in which there exist questions about the Government's integrity that affect public confidence.

For these reasons, I believe I am entitled to expedited processing under FOIA.

Pursuant to 5 U.S.C. § 552(a)(6)(E)(vi), I certify that the information in this request concerning the reasons for expedited processing is true and correct to the best of my knowledge and belief.

*Johnson (PrEP4All) FOIA request to NIH*

Pursuant to applicable statutes and regulations, I anticipate a determination regarding expedited processing within 10 days. See 5 U.S.C. § 552(a)(6)(E)(ii).

**Conclusion**

If my request is denied in whole or in part, please justify all withholdings and redactions by reference to specific FOIA exemptions. I expect the release of all segregable portions of otherwise exempt material, *see* 5 U.S.C. § 552(b), and reserve the right to appeal a decision to withhold any information or deny a waiver of fees.

I hereby designate PrEP4All's attorney, Christopher J. Morten, Esq., as my point of contact for all matters related to the filing of this FOIA request through NIH's FOIA portal. Please direct communications and furnish the applicable records to:

Christopher J. Morten, JD, PhD
Director
Science, Health & Information Clinic
Washington Square Legal Services (NYU Law)
245 Sullivan Street, 5th Floor
New York, NY 10012
Office: (212) 998-6433
Cell: (646) 531-4920
E-mail: cjm531@nyu.edu

Mr. Morten represents PrEP4All in connection with this request.

Please copy me on all correspondence at the below address:

Jeremiah Johnson
Jeremiah@prep4all.org

Please communicate any questions you may have by email, rather than regular mail. Also, if the requested records cannot be provided by email, please notify me as soon as they are available and I will consider arranging to collect them by courier to avoid additional delay.

Thank you for your prompt attention to this matter.

Respectfully submitted,

*/s/ Jeremiah Johnson*
Jeremiah Johnson
PrEP4All, Inc.
Jeremiah@prep4all.org

# EXHIBIT 1



**U.S. Department of Justice**
Civil Division, FOIA and Privacy Office
Room 8400
1100 L Street, NW
Washington, DC 20530

September 4, 2025

Jeremiah Johnson                                   Request No.   145-FOI-21567
PrEP4All, Inc.                                                         25-cv-06335 (SDNY)
Jeremiah@prep4all.org

Dear Jeremiah Johnson:

This is the final response to your Freedom of Information Act (FOIA) request, dated and received in this office on February 19, 2025, in which you requested the settlement agreement between the Department of Justice and Gilead Sciences, Inc. in the cases *U.S. v. Gilead, Inc.*, No. 19-cv-02103 (D. Del.) and *Gilead Sciences, Inc. v. U.S.*, No. 20-cv-00499 (Fed. Cl.).

Please be advised that a search has been conducted in the Civil Division's Intellectual Property Section, and the record responsive to your request was located. At this time, I have determined this record is appropriate for release with limited withholdings pursuant to Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(6), and a copy is enclosed. Exemption 6 pertains to information the release of which would constitute a clearly unwarranted invasion of personal privacy. Please be advised that we have considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

If you have any questions, please contact Jacob Lillywhite of the U.S. Attorney's Office for the Southern District of New York.

Sincerely,

Brian Flannigan
Chief, FOIA and Privacy Office

## MASTER SETTLEMENT AGREEMENT

THIS MASTER SETTLEMENT AGREEMENT (this "Settlement Agreement") is entered into and made effective as of January 14, 2025 (the "Effective Date") between Gilead Sciences Inc., a Delaware corporation with an address at 333 Lakeside Drive, Foster City, CA 94404, USA ("Gilead") and Gilead Sciences Ireland UC, an unlimited company with an address of UC IDA Business & Technology Park, Carrigtwohill, Co. Cork, Ireland ("GSIUC"; together with Gilead and its affiliates, the "Gilead Parties"), on the one hand; and the United States of America, acting through the United States Department of Justice (the "DOJ") and the United States Department of Health and Human Services ("HHS"), on the other. The National Institutes of Health ("NIH") and Centers for Disease Control and Prevention ("CDC") hereby join this Settlement Agreement solely for the purposes of Article 5. Gilead, GSIUC, DOJ and HHS, collectively, are the "Parties", and each of them is a "Party".

WHEREAS, the Gilead Parties, on the one hand, and the United States, on the other hand, are parties to a litigation pending before the United States District Court for the District of Delaware captioned *United States of America v. Gilead Sciences, Inc. and Gilead Sciences Ireland UC*, No. 1:19-cv-02103-MN (D. Del.) and now on appeal before the U.S. Court of Appeals for the Federal Circuit captioned *United States v. Gilead Sciences, Inc and Gilead Sciences Ireland UC*, No. 2024-2069 (Fed. Cir.) (the "Patent Litigation"), in which the DOJ alleged that the Gilead Parties induced infringement of U.S. Patent Nos. 9,044,509 (the "'509 Patent") and 10,335,423 (the "'423 Patent") by marketing its Truvada® and Descovy® products for HIV pre-exposure prophylaxis ("PrEP") and that the Gilead Parties induced infringement of U.S. Patent Nos. 5,957,333 (the "'333 Patent") and 9,937,191 (the "'191 Patent", together with the '509 Patent, the '423 Patent and the '333 Patent, the "HHS Patents") by marketing its Truvada® product for PrEP.

WHEREAS, Gilead and the United States are parties to a litigation pending before the United States Court of Federal Claims captioned *Gilead Sciences, Inc. v. United States of America*, No. 20-499C-RMM (Fed. Cl.) (the "MTA/CTA Litigation"). The MTA/CTA Litigation concerns three material transfer agreements (each, an "MTA") and two clinical trial agreements (each, a "CTA") that Gilead entered into with the CDC and pursuant to which Gilead provided drugs that were used in studies by CDC. Gilead alleged that the CDC breached the MTAs by failing to "promptly notify" Gilead of any inventions made in the studies using the drugs and breached the CTAs by filing the applications that resulted in the HHS Patents, since each of the CTAs required the CDC to put the results of the clinical trial in the public domain and not seek any patent protection in connection with any inventions derived from the use of the drug in the clinical trial.

WHEREAS, the Gilead Parties, and the DOJ and HHS, on behalf of the United States, as applicable, dispute the merits of the other Party's claims and counterclaims asserted in the Patent Litigation or in the MTA/CTA Litigation (the Patent Litigation and the MTA/CTA Litigation, collectively, the "Disputes").

WHEREAS, in November of 2022, the Court of Federal Claims in the MTA/CTA Litigation held that the CDC breached the MTAs, but reserved judgment on the CDC's liability for breach of the CTAs pending the final outcome of the Patent Litigation. Thereafter, in May of 2023, a jury found in favor of Gilead on all counts then asserted by the DOJ in the Patent Litigation.

– 1 –

Following that verdict, in January of 2024, the Court of Federal Claims in the MTA/CTA Litigation held that the CDC breached the CTAs.

WHEREAS, in April of 2023, in the Patent Litigation, the District Court found the '509 Patent invalid for improper dependency.

WHEREAS, in May of 2023, in the Patent Litigation, a jury found the '423, '333, and '191 Patents not directly infringed by any third parties; the '423, '333, and '191 Patents invalid as anticipated and obvious; and the '423 Patent invalid for lack of enablement. Thereafter, in March of 2024, the District Court overturned the jury's verdict on direct infringement and entered judgment as a matter of law ("JMOL") in favor of the United States on direct infringement, but denied the United States' request for a new trial, the United States' motion for JMOL on induced infringement by Gilead, and the United States' motion for JMOL on the validity of the '423, '333, and '191 Patents. Following the District Court's decision, in July 2024, the United States appealed the District's Court's denial of JMOL on induced infringement by Gilead and the validity of the '423, '333, and '191 Patents, and the denial of a new trial.

WHEREAS, the Secretary of HHS has delegated to the NIH and CDC the authority to enter into the license described in Article 2 under 35 U.S.C. §§ 200-12, the Federal Technology Transfer Act of 1986, 15 U.S.C. § 3710(a), and the regulations governing the licensing of Government-owned inventions, 37 C.F.R. Part 404.

WHEREAS, Gilead, the DOJ and HHS reached an agreement to settle the Disputes by simultaneously entering into (i) this Settlement Agreement and (ii) a materials cooperative research and development agreement ("M-CRADA") among the NIH and CDC, on the one hand, and Gilead, on the other hand, provided that the M-CRADA will be administered by the National Institute of Allergy and Infectious Diseases ("NIAID").

WHEREAS, the Parties desire to settle and resolve all differences and disputes that exist between and among them arising out of, relating to or concerning the MTAs, the CTAs, the Licensed Patent Rights (as defined herein), or the claims, counterclaims, and defenses asserted (and damages sought) in the Disputes, on the terms and conditions set forth herein and in the M-CRADA.

NOW, THEREFORE, with the intent to be legally bound hereby and in consideration of the mutual promises, covenants, and agreements contained herein, and other good and valuable consideration, the receipt, sufficiency, and value of which is hereby acknowledged, the Parties agree to the terms and conditions as set forth below:

1. **Defined Terms**

1.1    "Affiliate" means, with respect to any Person, any other Person that is under control of, controlling or under common control with, such entity, from time to time, where "control" and its correlates means the ownership of fifty percent (50%) or more of the equity or voting interests of an entity (or such lesser percentage that is the maximum permitted to be held under applicable law) or otherwise has the ability to direct the management or policies of an entity.

1.2    "Authorized Sublicensee" has the meaning set forth in Section 2.1.

– 2 –

1.3    "CDC" has the meaning set forth in the recitals.

1.4    "CTA" has the meaning set forth in the recitals.

1.5    "Disputes" has the meaning set forth in the recitals.

1.6    "DOJ" has the meaning set forth in the recitals.

1.7    "Exploit" means to make, have made, sell, have sold, offer for sale, import, copy, modify, translate, adapt, prepare derivative works of, distribute, publicly display, publicly perform and otherwise use.

1.8    "Generate" means to create, author, develop, conceive, reduce to practice or otherwise generate.

1.9    "HHS" has the meaning set forth in the recitals.

1.10    "HHS Patents" has the meaning set forth in the recitals.

1.11    "Licensed Patent Rights" means U.S. Provisional Patent Application No. 60/764,811 (HHS Ref. No. E-195-2013-0-US-01), U.S. Provisional Patent Application No. 62/876,539 (HHS Ref. No. E-140-2019-0-US-01), U.S. Patent Application No. 11/669,547 (HHS Ref. No. E-195-2013-0-US-02), U.S. Patent Application No. 17/628,170 (HHS Ref. No. E-140-2019-0-US-06), PCT Application No. PCT/US2007/002926 (HHS Ref. No. E-195-2013-0-PCT-03), and PCT Application No. PCT/US2020/015147 (HHS Ref. No. E-140-2019-0-PCT-02), and any Patent Rights that claim priority to any of the foregoing, including any application that is filed as a continuation-in-part of any of the foregoing. For the avoidance of doubt, the "Licensed Patent Rights" include the HHS Patents.

1.12    "Litigation Stipulations" has the meaning set forth in Section 4.1.

1.13    "M-CRADA" has the meaning set forth in the recitals.

1.14    "MTA" has the meaning set forth in the recitals.

1.15    "MTA/CTA Litigation" has the meaning set forth in the recitals.

1.16    "NIAID" has the meaning set forth in the recitals.

1.17    "NIH" has the meaning set forth in the recitals.

1.18    "Patent Rights" means all patents and patent applications (including certificates of invention and applications for certificates of invention), including all divisionals, continuations, substitutions, continuations-in-part, re-examinations, reissues, additions, renewals, revalidations, extensions, registrations, pediatric exclusivity periods and supplemental protection certificates and the like of any such patents and patent applications, and any and all foreign equivalents of the foregoing.

1.19    "Person" means an individual, corporation, partnership, limited liability company, trust, business trust, association, joint stock company, joint venture, pool, syndicate, sole proprietorship, unincorporated organization, governmental authority, or any other form of entity not specifically listed herein.

1.20    "PrEP" has the meaning set forth in the recitals.

1.21    "Products" means any product that contains: (a) a tenofovir-containing drug or tenofovir prodrug (including tenofovir disoproxil fumarate and tenofovir alafenamide) or (b) a lenacapavir-containing drug or lenacapavir prodrug.

1.22    "Release Parties" means each of the Gilead Release Parties or the USG Release Parties as set forth in Section 3.1.

1.23    "USG Parties" means the federal government of the United States of America, including (a) the DOJ and (b) HHS.

**2.    License.**

2.1    HHS hereby grants to Gilead a worldwide, non-exclusive, royalty-free, sublicensable, transferable, and irrevocable license under the Licensed Patent Rights to Exploit Products for PrEP (the "License"). The term of the License shall continue until the expiration of the last-to-expire of the Licensed Patent Rights. The foregoing License shall be sublicensable through one or more tiers to: (a) Affiliates of Gilead or (b) entities in Gilead's or Gilead's Affiliates' supply or distribution chains, including third-party packagers and labelers, intermediaries (*e.g.*, wholesalers), healthcare providers (*e.g.*, pharmacists and doctors), or end users (each, an "Authorized Sublicensee"). Without limiting the foregoing, Gilead may, in its sole discretion, enter into a direct license with any Authorized Sublicensee or transfer the License to any of its Affiliates that is a successor-in-interest of the business unit relevant to the Products.

2.2    For internal NIH and CDC use only, the following License Number is associated with this license: L-073-2025-0.

**3.    Release of Claims**

3.1    Release of Claims by the Gilead Parties. As of the Effective Date, each of the Gilead Parties for and on behalf of themselves and each of their predecessors, successors, assigns, and affiliates, and all of the Gilead Parties' present and former employees, officers, directors, administrators, members, and agents, and any other person or entity acting on the Gilead Parties' behalf, and each of their Affiliates, successors, and assigns (together, the "Gilead Release Parties," and each of them a "Gilead Release Party"), hereby irrevocably WAIVES, RELEASES, ACQUITS, AND FOREVER DISCHARGES any and all claims, counterclaims, cross-claims, demands, obligations, duties, expenses, indebtedness, debts, breaches of contract, trust, duty, causes of action, actions, suits, promises, damages, liabilities, and judgments, or relationship, acts, omissions, costs, losses, and remedies therefor, rights of indemnity or liability of any type, kind, nature, description, or character whatsoever, all whether previously asserted or unasserted, whether based in tort, contract, statutory, or common law, whether in law or equity, whether known or unknown, from the beginning of the world through the Effective Date (collectively, "Claims", and

– 4 –

each of them a "Claim"), that any Gilead Release Party ever had, now has, or may have against (a) any USG Party or any of their predecessors, successors, assigns, departments, agencies or government corporations; or (b) any past, present or former employees, officers, directors, administrators, and agents of any USG Party; (collectively, (a) and (b), the "USG Release Parties", and each of them a "USG Release Party") by reason of acts or omissions that have occurred on or prior to the Effective Date arising out of the MTAs, the CTAs, the Licensed Patents, or the claims, counterclaims, and defenses asserted (and damages sought) in the Disputes (the "Gilead Released Claims"); provided, however, that nothing in this Section 3.1 shall release any Claim that any Gilead Release Party has or may have against any USG Release Party arising out of, relating to, or to enforce the M-CRADA or this Settlement Agreement including, without limitation, the USG Parties' obligations pursuant to Sections 3 and 4 of this Settlement Agreement, each of which obligations is a material component of each Gilead Release Party's willingness to release the Gilead Released Claims.

3.2     Release of Claims by the USG Parties. As of the Effective Date, each USG Release Party hereby irrevocably WAIVES, RELEASES, ACQUITS, AND FOREVER DISCHARGES any and all Claims that any USG Release Party ever had, now has, or may have against any Gilead Release Party by reason of acts or omissions that have occurred on or prior to the Effective Date that were raised or could have been raised in the Disputes, arising out of the MTAs, the CTAs, the Licensed Patents, or the claims, counterclaims, and defenses asserted (and damages sought) in the Disputes (the "USG Released Claims", and together with the Gilead Released Claims, the "Released Claims"); provided, however, that nothing in this Section 3.2 shall release any Claim that any USG Release Party has or may have against any Gilead Release Party arising out of, relating to, or to enforce the M-CRADA or this Settlement Agreement including, without limitation, the Gilead Parties' obligations pursuant to Sections 3 and 4 of this Settlement Agreement, each of which obligations is a material component of each USG Release Party's willingness to release the USG Released Claims.

3.3     No Decision on the Merits. This Settlement Agreement sets forth a compromise and settlement of the Released Claims for the purpose of avoiding the costs, disruptions, and uncertainties associated with further litigation. Such compromise and settlement do not constitute a ruling on the merits, an admission as to any issue of fact or principle at law, or an admission of liability by any Party. Any and all admission of liability is expressly denied by each Party to this Settlement Agreement.

**4.     Dismissal of the Disputes**

4.1     Within seven (7) days after the Effective Date and subject to execution of the M-CRADA, the DOJ, HHS and the Gilead Parties, as applicable, shall direct their respective counsel to execute and jointly file a Stipulation for Dismissal in the forms attached as Exhibit A-1, A-2 and A-3 (the "Litigation Stipulations").

4.2     Nothing in Exhibits A-1, A-2 or A-3 or in this Settlement Agreement shall be considered as an admission by any Party relating to any issue in the Disputes.

4.3    Each Party shall be solely responsible for all fees and costs incurred by such Party in relation to the negotiation or execution of this Settlement Agreement and all fees and costs incurred by such Party associated with the Disputes.

**5.    Representations, Warranties and Covenants**

5.1    Representations and Warranties of Gilead.    Gilead (on behalf of itself and its Affiliates) hereby represents and warrants to the USG Parties, as of the Effective Date, as follows:

5.1.1    Gilead (a) has the power and authority and the legal right to enter into this Settlement Agreement and to perform its obligations hereunder, and (b) has taken all necessary action on its part to authorize the execution and delivery of this Settlement Agreement and the performance of its obligations hereunder.  This Settlement Agreement has been duly executed and delivered by Gilead, and constitutes a legal, valid, binding obligation, enforceable against Gilead in accordance with its terms.

5.1.2    All necessary consents, approvals, and authorizations of all Persons (including without limitation inventors, governmental authorities, or courts) required to be obtained by Gilead in connection with this Settlement Agreement have been obtained.

5.1.3    The execution and delivery of this Settlement Agreement and the performance of Gilead's obligations hereunder (a) to Gilead's knowledge do not conflict with or violate any requirement of applicable laws or regulations, and (b) do not conflict with, or constitute a default under, any contractual obligation thereof.

5.2    Representations and Warranties of the USG Parties.    Each USG Party and each of NIH and CDC, hereby, severally and not jointly, represent and warrant to Gilead, as of the Effective Date, as follows:

5.2.1    Such USG Party, NIH or CDC (a) has the power and authority and the legal right to enter into this Settlement Agreement and to perform such party's obligations hereunder, and (b) has taken all necessary action on its part to authorize the execution and delivery of this Settlement Agreement and the performance of its obligations hereunder.  This Settlement Agreement has been duly executed and delivered on behalf of such party, and constitutes a legal, valid, binding obligation, enforceable against such Party in accordance with its terms.

5.2.2    All necessary consents, approvals, and authorizations of all Persons (including without limitation inventors, governmental authorities, courts or licensors) required to be obtained by the USG Parties, NIH or CDC in connection with this Settlement Agreement have been obtained.

5.2.3    The execution and delivery of this Settlement Agreement and the performance of the USG Parties', NIH's or CDC's obligations hereunder (a) do not conflict with or violate any requirement of applicable laws or regulations, and (b) do not conflict with, or constitute a default under, any contractual obligation thereof.

5.3    Additional Representations and Warranties of the CDC and NIH.    Each of the CDC and NIH jointly and severally represent and warrant to each of the Gilead Parties that, as of the

– 6 –

Effective Date, neither the CDC nor NIH knows of or is otherwise aware of any Patent Rights or inventions that cover or otherwise relate to the Exploitation of any Product for PrEP, in each case, that are owned by or licensed to CDC or NIH.

## 6.    General Provisions

6.1    Successors and Assigns.  This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and permitted assigns.

6.2    Term.  This Settlement Agreement shall be effective upon execution by the Parties and shall continue in perpetuity.  Each Party hereby waives any rights of termination in respect of this Settlement Agreement at common law or otherwise.

6.3    Notices.  All notices and any communications provided for herein shall be in writing addressed as set forth in Exhibit B and shall be deemed validly given or served (a) upon personal delivery, or (b) three days after being sent via overnight delivery by a recognized express courier service that maintains records of receipt, in each case with a copy to the email addresses set forth in Exhibit B (which shall not constitute notice).  Each Party may change its address for notices by notice to the other Parties.

6.4    Jurisdiction. Any dispute, controversy, or claim initiated by any Party arising out of or related to this Settlement Agreement shall be resolved by the United States District Court for the District of Delaware, and each Party irrevocably consents to the personal jurisdiction of that court and agrees not to challenge the venue of such court or to seek to transfer any such action to any other forum.

6.5    Failure to Enforce Is Not Waiver.  No failure by a Party to enforce its rights under any provision of this Agreement shall be construed to be a waiver of such provision or the right of the Party to enforce such provision.

6.6    No Construction Against Drafter.  No provision of this Settlement Agreement or any related document will be construed against or interpreted to the disadvantage of any Party by any court or arbitral panel or other governmental or judicial authority by reason of such Party or its representatives having or being deemed to have structured or drafted such provision.

6.7    Exhibits.  The following exhibits are part of this Settlement Agreement and are hereby incorporated by reference:

Exhibit A:    Stipulations of Dismissal
Exhibit B:    Addresses for Notice

6.8    Counterparts.  This Settlement Agreement and any amendments hereto may be executed in one or more counterparts, each of which shall be an original, but all of which together shall constitute one instrument.  For purposes of this Settlement Agreement, facsimile signatures or digital signatures shall also constitute originals and shall have the same effect as original signatures. Any individual signing this Settlement Agreement on behalf of any Party represents and warrants that such individual has full authority to do so.

6.9     Entire Agreement; No Reliance. This Settlement Agreement and the M-CRADA executed as of the Effective Date together represent the entire agreement of the Parties with respect to the subject matter hereof and thereof, and all prior negotiations, understandings, and agreements are merged into such documents. Each Party acknowledges that no other Party or agent or attorney of any other Party has made any promise or representation or warranty to induce such Party to enter into this Settlement Agreement and the M-CRADA, and each Party acknowledges that it has not executed this Settlement Agreement in reliance upon any such promise, representation, or warranty not contained herein.

6.10     Amendment and Waiver. This Settlement Agreement may be changed, modified, amended, or supplemented only by written instrument signed by the Parties. No provision of this Settlement Agreement may be waived orally; provisions of this Settlement Agreement may be waived only by a written instrument signed by the Party against whom enforcement of such waiver is sought.

6.11     Headings and Interpretation. The headings in this Settlement Agreement are inserted for convenience only and shall not affect the rights of the Parties. As used herein, except as the context otherwise indicates, the singular shall include the plural and vice versa, and words of any gender shall include any other gender. The conjunction "or" shall be understood in its inclusive sense ("and/or"). The words "include", "includes", and "including" shall be deemed to be followed by the phrase "without limitation" unless already followed by "without limitation".

*[Remainder of Page Intentionally Left Blank.]*

**IN WITNESS WHEREOF**, this Settlement Agreement has been executed and delivered by the Parties, effective on the Effective Date.

**GILEAD SCIENCES, INC.**

By: *Deb Telman*  
Name: Deborah H. Telman  
Title: Executive Vice President of Corporate Affairs & General Counsel

**UNITED STATES OF AMERICA:**

**GILEAD SCIENCES IRELAND UC**

By: *Reggie Kelly*  
Name: Reggie Kelly  
Title: Vice President, Development

**United States Department of Justice**

By: **(b) (6)**  
Name: Scott Bolden   *Authorized representative of the Attorney General*  
Title: Director Commercial Litigation Branch Civil Division U.S. Department of Justice

**United States Department of Health and Human Services on behalf of itself and, as to Section 5, on behalf of the National Institutes of Health and Centers for Disease Control and Prevention**

By: Karuna Seshasai -S  
Digitally signed by Karuna Seshasai -S  
Date: 2025.01.14 16:41:48 -05'00'  
Name: Karuna Seshasai  
Title: Deputy General Counsel

**EXHIBIT A-1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) C.A. No. 19-cv-02103-MN |
| | ) |
| GILEAD SCIENCES, INC. and | ) |
| GILEAD SCIENCES IRELAND UC, | ) |
| | ) |
| *Defendants.* | ) |

## STIPULATION OF DISMISSAL

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff the United States of America and Defendants, Gilead Sciences, Inc. and Gilead Sciences Ireland UC, stipulate to dismissal of all claims and counterclaims in the action captioned *United States of America v. Gilead Sciences, Inc., and Gilead Sciences Ireland UC*, No. 1:19-cv-02103-MN (D. Del.). Such dismissal shall be with prejudice except as otherwise agreed by the parties. Each party shall bear its own costs and attorneys' fees.

[_____] __, 2025

Respectfully submitted,

SHAMOOR ANIS
Assistant United States Attorney
1313 N. Market Street
P.O. Box 2046
Wilmington, Delaware 19899-2046
Tel:    (302 573-6277
Fax:    (302) 573-6220
*shamoor.anis@usdoj.gov*

Of Counsel:
LENA YUEH
Special Counsel
U.S. Department of Justice

DAVID C. WEISS
United States Attorney

BRIAN BOYNTON
Principal Deputy Assistant
 Attorney General

SCOTT BOLDEN
Director

_____

WALTER W. BROWN
Senior Litigation Counsel

PHILIP CHARLES STERNHELL
Assistant Director

CARRIE E. ROSATO
MATTHEW D. TANNER
LUCY GRACE D. NOYOLA
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C. 20530
Tel:    (202) 307-0341
Fax:    (202) 307-0345

*Attorneys for Plaintiff United States*

Respectfully submitted,

*Of Counsel:*

David B. Bassett
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel:     (212) 230-8800
Fax:     (212) 230-8888

Vinita C. Ferrera
Emily R. Whelan
George P. Varghese
Timothy A. Cook
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel:     (617) 526-6000
Fax:     (617) 526-5000

Ronald C. Machen
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel:     (202) 663-6000
Fax:     (202) 663-6363

_____
Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Alexandra M. Ewing (#6407)
RICHARD, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel:     (302) 651-7700
cottrell@rlf.com
farnan@rlf.com
ewing@rlf.com

*Counsel for Defendants Gilead Sciences, Inc. and Gilead Sciences Ireland UC and Counterclaim Plaintiff Gilead Sciences, Inc.*

**EXHIBIT A-2**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

GILEAD SCIENCES, INC.,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　*Plaintiff,*　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　C.A. No. 20-cv-00499-CFL
　　　　　　　　　　　　　　　　　　)
THE UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　*Defendants.*　　　)
　　　　　　　　　　　　　　　　　　)

## STIPULATION OF DISMISSAL

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff Gilead Sciences, Inc. and Defendant the United States of America, stipulate to dismissal of all claims and counterclaims in the action captioned *Gilead Sciences, Inc. v. United States of America*, No. 20-499C-CFL (Fed. Cl.). Such dismissal shall be with prejudice except as otherwise agreed by the parties. Each party shall bear its own costs and attorneys' fees.

Respectfully submitted,

*Of Counsel:*

David B. Bassett
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel:    (212) 230-8800
Fax:    (212) 230-8888

Vinita C. Ferrera
George P. Varghese
Timothy A. Cook
Stephanie Lin
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel:    (617) 526-6000
Fax:    (617) 526-5000

Charles T. Cox Jr.
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel:    (202) 663-6000
Fax:    (202) 663-6363

Tracie L. Bryant
Michael F. Williams
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel:    (202) 389-5000
Fax:    (202) 389-5200

_____

Ronald C. Machen
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel:    (202) 663-6000
Fax:    (202) 663-6363
Ronald.Machen@wilmerhale.com

*Counsel for Plaintiff*
*Gilead Sciences, Inc.*

Respectfully submitted,

Of Counsel:

BRIAN M. BOYNTON
Principal Deputy Assistant
  Attorney General

PHILIP CHARLES STERNHELL
Assistant Director
CARRIE E. ROSATO
MATTHEW D. TANNER
LUCY GRACE D. NOYOLA
JHANIEL JAMES
Trial Attorney
Department of Justice

SCOTT BOLDEN
Director

LENA YUEH
Special Counsel

_____

WALTER W. BROWN
Senior Litigation Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C. 20530
Tel:    (202) 307-0341
Fax:    (202) 307-0345

*Attorneys for Defendant United States*

# EXHIBIT A-3

**Form 18. Joint Stipulation of Voluntary Dismissal**

Form 18
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## JOINT STIPULATION OF VOLUNTARY DISMISSAL

**Case Number**   2024-2069

**Short Case Caption**   U.S. v. Gilead Sciences, Inc., Gilead Sciences Ireland UC

**Instructions.** Use this form only to file a joint stipulation of voluntary dismissal pursuant to Fed. R. App. P. 42(b)(1). This form may not be used if a motion is required pursuant to Fed. R. App. P. 42(b)(2)-(3). Below, please identify each case number to be dismissed separately, including any consolidated case numbers.

Pursuant to Federal Rule of Appellate Procedure 42(b)(1), all parties hereby stipulate to the voluntary dismissal of the below-noted case number(s):

2024-2069

Costs are to be assigned as follows:

☑   Each side shall bear their own costs.

☐   Other:

Date:_____

Signature: _____

Name: _____

Party Name: _____

Date:_____

Signature: _____

Name: _____

Party Name: _____

☐   Additional pages attached

# EXHIBIT B

## NOTICE ADDRESSES

If to Gilead:

Gilead Sciences, Inc.
333 Lakeside Drive
Foster City, California 94404, USA
Attention: General Counsel
generalcounsel@gilead.com

with a copy to:

Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Attention: David B. Bassett
David.Bassett@wilmerhale.com

Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Attention: Ronald C. Machen
Ronald.Machen@wilmerhale.com

If to DOJ:

Director – Intellectual Property Section
United States Department of Justice
Civil Division, Commercial Litigation Branch
Washington, DC 20530
Attention: Scott Bolden
(b) (6)

If to HHS:

License Compliance and Administration
Monitoring & Enforcement
Office of Technology Transfer
National Institutes of Health
6701 Rockledge Drive, Suite 700, MS 7788
Bethesda, Maryland 20892 U.S.A.
LicenseNotices_Reports@mail.nih.gov
(For courier deliveries see
https://www.ott.nih.gov/licensing/license-noticesreports)